# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK L. WINN, | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 0404 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) Wayne R. Andersen ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant, Jo Anne B. Barnhart, Commissioner of Social Security, to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For reasons set forth below, the motion is granted.

## BACKGROUND

Patricia L. Winn, who was erroneously referred to as "Patrick" in the caption of her complaint, seeks review in this court of the disposition of her social security disability benefit claim following dismissal of her case by an Administrative Law Judge ("ALJ") and an Appeals Council Judge's denial of review of her case. The facts are summarized as follows.

On July 6, 2001, the Social Security Administration ("SSA") notified Winn that her initial request for disability insurance benefits had been properly denied. According to the letter, a physician and disability examiner "thoroughly evaluated" evidence of her claim, which alleged that she had mental and physical disabilities beginning on September 30, 1988. The SSA determined that Winn's last eligible date for benefits was June 30, 1989, and that her condition did not keep her from routine activities on or before that date. The letter defined "disabled" as

one who is "unable to perform any substantial gainful work due to a medical condition which has lasted or can be expected to last for a continuous period of at least twelve months. The impairment must be so severe as to prevent the person from working not only in the person's usual occupation but in any other substantial gainful work considering age, education, training and work experience." The letter stated that Winn had sixty days to request a hearing before an ALJ.

Winn filed her request for a hearing on the SSA's official hearing-request form on August 9, 2001. She and her attorney, George G. Weber, signed the request. The form was stamped "received" at the SSA on August 16, 2001. Winn noted on the form that she would file additional evidence with "OHA" (presumably, the Office of Hearings and Appeals) and that she wished to appear at the hearing.

ALJ Dennis R. Greene scheduled a hearing for July 31, 2002, in the Office of Hearings and Appeals in Oakbrook Terrace. On July 25, 2002, Attorney Weber sent ALJ Greene a letter stating that Winn had discharged him as her attorney and he was therefore withdrawing from her case. Attorney Weber also sent the ALJ a copy of a July 17 letter that Winn had sent to him in which she wrote, "Emotionally I can't accept failure if after the hearing before Judge Greene I am still denied disability ... Therefore, I have decided not to pursue this any farther [sic]."
On August 27, 2002, ALJ Greene sent Winn a letter informing her that he had dismissed her case and that she had the right to file an appeal with the Appeals Council **within 60 days** (emphasis in the original). Attorney Weber was carbon-copied on the letter. In his order for dismissal, ALJ Greene relied on 20 C.F.R. 404.957(a), which provides that an ALJ may dismiss a request for a hearing if the hearing request is withdrawn at any time before notice of the hearing decision is

2

mailed. ALJ Greene noted in his order of dismissal that he had received a copy of Winn's letter to her attorney in which she stated she had decided "not to pursue" the matter. He also wrote that the notice of hearing, originally mailed to Winn on July 11, 2002, had not been returned by the Postal Service. Finally, he stated that Winn did not appear for her hearing on July 31, 2002, and did not notify his office that she would be unable to appear. Thus, because the "claimant had indicated in writing her desire to no longer pursue this matter, no show cause letter was sent."

More than a year later, on September 5, 2003, Winn filed a request for review of the ALJ's dismissal order with the Appeals Council. She was not represented by counsel in her petition. She stated that she had been under "severe mental stress and pain" which made it impossible for her to attend her hearing. She provided a letter containing evidence as to her condition and contact information for her physicians, and asked for the Council to reopen her case even though the window for an appeal had closed.

On November 19, 2004, Administrative Appeals Judge Andrew E. Wakshul sent Winn a letter that stated that, although she did not file her request for review on time, she had good reason for delay. Nevertheless, the Appeals Council denied her request for review because it found no reason under its rules to review the ALJ's dismissal. On January 24, 2005, Winn filed her complaint in this court, alleging that she had exhausted all administrative remedies and demanding that benefits be conferred, or in the alternative, that her case be remanded for a fair hearing.

## DISCUSSION

The plaintiff asserts that 42 U.S.C. § 405(g) grants this court jurisdiction in this case, but the Commissioner argues that the jurisdictional condition of that statute – that a final decision be made after a hearing – has not been met, and that therefore this court has no power to review Winn's case. This court has jurisdiction only when it is conferred by Congress through its statutory language. *Giacone v. Schweiker*, 656 F.2d 1238, 1241 (7th Cir. 1981). *See also United States v. Babcock*, 250 U.S. 328, 331 (1919) (when a statute creates a right and provides a special remedy, that remedy is exclusive). Before a claimant is eligible for judicial review, though, she must steer her case through regulations developed by the SSA.

## APPLICABLE REGULATIONS

Regulations governing the administrative review process and the propriety of dismissing a request for a hearing are implicated in this case. Title II of the Social Security Act (the "Act") and the SSA's own regulations establish procedures for administrative and judicial review of applications for disability benefits and supplemental social security income. *Giacone*, 656 F.2d at 1241. Under the SSA's regulations, a four-step process must occur before a claimant may obtain a judicially reviewable decision. *See* 20 C.F.R. § 404.900(a) (2003). That procedure is briefly summarized as follows:

1. A claimant must first file a claim for benefits with the SSA, resulting in an initial determination that will either grant or deny benefits. 20 C.F.R. § 404.902.

2. If denied, a claimant may file a request for reconsideration. 20 C.F.R. § 404.907.

4

3. If still denied, a claimant may ask for a hearing in front of an ALJ. 20 C.F.R. § 404.929.

4. If the claimant is unsatisfied with the hearing, the claimant can request that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967.

Finally, if a claimant wants to seek judicial review, the claimant may file an action in federal district court within sixty days of receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981.

An ALJ may dismiss a request for a hearing under certain circumstances, including when the claimant or party who requested the hearing asks to withdraw the request "at any time before notice of the hearing decision is mailed." 20 C.F.R. § 404.957(a). A request for withdrawal may be made in person at the hearing or in writing. *Id.* An ALJ may also dismiss a request for a hearing when neither the claimant nor a representative appears at the time and place set for the hearing, the claimant has been properly notified before the hearing that a request for a hearing may be dismissed without further notice, and the ALJ has not found good cause for the claimant's absence. 20 C.F.R. § 404.957(b)(1)(i). Additionally, an ALJ may dismiss a request for a hearing if no one attends the hearing, and when the ALJ mails a notice within 10 days after the hearing asking the claimant why he or she did not appear, the claimant provides no such reason. 20 C.F.R. § 404.957(b)(1)(ii).

## APLICABLE STATUTE

Judicial review of a claim originating under Title II of the Social Security Act is only available after the claimant receives a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g) (2004). Judicial review of the Commissioner's decision is strictly limited to those methods of review provided by the statute. 42 U.S.C. § 405(h). *See also Califano v. Sanders*, 430

U.S. 99, 108 (1977). Although the regulations themselves do not define "final decision," courts recognize that a final decision is made by the Appeals Council when it either reviews or denies review of a determination made by an ALJ after an evidentiary hearing on the merits of the claim. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975), *Watters v. Harris*, 656 F.2d 234, 236-237 (7th Cir. 1980).

The U.S. Supreme Court has held that there is no federal court jurisdiction under § 405(g) when the SSA refuses to reopen claims because that decision may be made without a hearing. *Califano*, 430 U.S. at 108-09. In *Califano*, the claimant proceeded through the four-step administrative process as described *supra* and was denied disability payments at each level. *Id.* at 102. He did not pursue judicial review. *Id.* Seven years later, he filed a second claim alleging the same bases for eligibility. *Id.* The ALJ denied the new claim on *res judicata* grounds and also denied reopening his previous claim. *Id.* at 102-03. The Court reasoned that, since § 405(g) only confers jurisdiction on a district court when there is a final decision "after a hearing," judicial review of the Commissioner's denial to reopen a case, made without a hearing, is therefore impossible under the statute. *Id.* at 108.

The *Califano* opinion has been extended by some circuits to claims like the one at bar when the claimant does not appear at a hearing. *See, e.g., Doe v. Secretary of Health and Human Services*, 744 F.2d 3, 5 (1st Cir. 1984), *Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992), *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992). *See also* 4 Soc. Sec. Law & Prac. § 55:26 (2005). The fundamental principle in these cases is that a claimant would be able to circumvent the administrative process by failing to abide by the SSA's procedures, being denied review, and then having the option of filing in a judicial forum.

Although the failure-to-appear question has not been definitively decided in this circuit, *Garza v. Chater* held that when a claimant failed to show good cause why she filed a request for an administrative hearing outside the authorized time period and the ALJ dismissed her case, there is no "final hearing" to establish jurisdiction over the matter. 891 F. Supp. 464, 468 (N.D. Ill. 1995). Additionally, the Seventh Circuit has held that continuous administrative denials of a time extension request are not considered a final decision made after a hearing. *Watters*, 656 F.2d at 238-39.

As *Califano* makes clear, there is still federal court jurisdiction if the claimant has a colorable constitutional basis for appealing a decision, even if not final, to a federal court. 430 U.S. at 109. *See also Weinberger*, 422 U.S. at 764. Because the administrative arena is not equipped to handle constitutional questions, "access to the courts is essential." *Califano*, 430 U.S. at 109. Illustrating that point, this court has held that, when there is some evidence that the SSA may not have followed proper procedures, thus denying a claimant due process, judicial review is appropriate even in the absence of a final decision made after a hearing. *Howard v. Heckler*, 661 F. Supp. 654 (N.D. Ill. 1986). *See also Giacone*, 656 F.2d at 1238. However, a mere assertion that a constitutional violation exists is not permitted. *Watters*, 656 F.2d at 240.

## ANALYSIS

There is no doubt that Winn did not follow SSA regulations when she filed her request for review at the Appeals Council more than a year after the ALJ's dismissal of her hearing request. Although the Appeals Council found that she had good reason for her delay due to hospitalizations and illness in the interim, it found no reason to review the ALJ's dismissal because information provided by Winn did not change the underlying reasons for the dismissal. This is a "final decision"

in the sense that the ALJ's decision to dismiss the case stands, but it was not made "after a hearing" such that jurisdiction is conferred upon this court. Winn did not attend the hearing as the regulations required her to do, nor did she or a representative explain to the ALJ why she could not be there. She wrote in her request for review with the Appeals Council that she was suffering from paranoia and physical pain and therefore could not attend the hearing. However, she was communicating sufficiently with her attorney two weeks earlier to discharge him and tell him that she did not want to pursue that matter. That was enough indication to both her attorney and the ALJ that she was withdrawing her request for a hearing, an action which is not subject to judicial review.

Furthermore, Winn has not raised any colorable constitutional issues to confer jurisdiction on this court when there was no hearing on the merits. When she did raise a due process claim in her response to the Commissioner's motion to dismiss, it was merely conclusory and not based on any precedent. Plaintiff argued that not being sent a "show-cause" letter was a violation of due process. However, the ALJ in this case was expressly authorized by 20 C.F.R. 404.957(a) to dismiss the request for a hearing when such a request was withdrawn in writing before the hearing. Winn's attorney had withdrawn from the case and forwarded the letter to the ALJ as proof that she intended to withdraw. Winn did not appear at the hearing or indicate to the ALJ that she could not attend. There was no need for a show-cause letter here because the ALJ knew that Winn was informed of the time and place of her hearing because she made reference to it in her letter to Mr. Weber. Additionally, the hearing notice was never returned as "undeliverable." Finally, the notice of dismissal clearly indicated what rights Winn had to appeal the ALJ's decision and the timeframe in which she must do it, giving her sufficient notice and opportunity to rectify what she is now contending was a mistake.

Although this holding may seem legalistic when viewed in light of the circumstances that Ms. Winn alleges prevented her from attending her hearing, the regulations and statutes that govern the social security system exist to keep the process running smoothly for everyone. Every claimant who neglects to follow the SSA's regulations arguably has a good reason for not doing so, but Congress, through § 405(g) and (h), has made it clear that judicial review is only available for those who navigate through the system properly.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted. Ms. Winn is free to refile or request that her claim for disability benefits be reopened in accordance with SSA regulations.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 10, 2005